UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9779-CAS (Opx) | Date | December 12, 2012 |
|---|---|---|---|
| Title | TRUSTEES OF THE SOUTHERN CALIFORNIA IBEW-NECA PENSION PLAN ET AL. V. THORP ELECTRIC CO. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Not present | Not present |

**Proceedings:**   (In Chambers:) **DEFENDANT'S COUNSEL'S MOTION TO WITHDRAW** (filed November 20, 2012)

   The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of December 17, 2012 is vacated, and the matter is hereby taken under submission.

   On November 23, 2011, plaintiffs Trustees of the Southern California IBEW-NECA Pension Plan, et al., filed suit against Thorp Electric Co., f/k/a Thorp Electric Services, Inc., a California Corporation. Dkt. No. 1. Plaintiffs bring two claims for relief: (1) breach of written collective bargaining and related trust agreements; and (2) violation of § 515 of ERISA (29 U.S.C. § 1145) for failing to pay fringe benefit contributions.

   On November 20, 2012, M. Stephen Cho, counsel for defendant, filed a motion to withdraw as defendant's attorney of record. Dkt. No. 24. Counsel states that defendant has not been returning his calls or other communications regarding the representation, and has breached multiple terms of the retainer agreement. Mot. at 3. Counsel also notes that he has notified both defendant and plaintiffs' counsel of his intent to withdraw, that defendant did not object, and that counsel further advised defendant of its inability to appear pro se in this matter as a corporation. Id. at 4. Plaintiffs do not object to defendant's counsel's motion, but ask that the Court order defendant to obtain new counsel or risk a default being entered against it. Dkt. No. 25 at 2.

   Local Rule 83-2.9.2.1 allows an attorney to withdraw as counsel only upon leave of court. If withdrawal will cause delay in the case, the court will not allow the attorney

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9779-CAS (Opx) | Date | December 12, 2012 |
|---|---|---|---|
| Title | TRUSTEES OF THE SOUTHERN CALIFORNIA IBEW-NECA PENSION PLAN ET AL. V. THORP ELECTRIC CO. | | |

to withdraw unless "good cause is shown and the ends of justice require [such relief]." L. R. 83-2.9.2.4.  Failure to pay attorneys' fees is normally sufficient grounds for withdrawal.  Darby v. City of Torrance, 810 F. Supp. 275, 276 (C.D. Cal. 1992) (citing Liberty-Ellis Island Found., Inc. v. Int'l United Indus., Inc., 110 F.R.D. 395, 397 (S.D.N.Y. 1986)).  If withdrawal is allowed, the affected parties then "shall appear pro se or appoint another attorney by a written substitution of attorney." L.R. 83-2.9.2.3.  However, a corporation "may not appear in any action or proceeding pro se." L. R. 83-2.10.1.

The Court concludes that counsel has made a sufficient showing of good cause, and thus hereby GRANTS defendant's counsel's motion to be relieved as counsel.  Counsel is hereby ordered to provide defendant with notice of the Court's order in accordance with Local Rule 83-2.9.2.3.  Since defendant is a corporate entity, and as such may not appear *pro se*, defendant's counsel is ordered to inform defendant that it must retain new counsel within thirty (30) days of the date this order takes effect.  Defendant's counsel shall advise defendant that its failure to retain new counsel or otherwise respond within thirty (30) days may result in the imposition of sanctions or the entry of default.  Counsel shall attach a copy of this order to the letter, and shall otherwise comply with all applicable rules of professional responsibility.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| | Initials of Preparer | | CMJ |